IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.B.,[1]

    Plaintiff,

v.

SPIRIT AEROSYSTEMS,

    Defendant.

Case No. 25-1012-DDC-BGS

### MEMORANDUM AND ORDER

Before the court are plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) and United States Magistrate Judge Brooks G. Severson's Report and Recommendation (Doc. 5). Judge Severson recommended that the court deny plaintiff's motion and direct plaintiff to pay the filing fee within 30 days of the court's decision. Doc. 5 at 2.

Plaintiff was notified about the Report and Recommendation via CM/ECF. The docket suggests that plaintiff objected to the Report and Recommendation. *See* Doc. 17. But the purported objection doesn't mention the Report and Recommendation, or in forma pauperis (IFP) status, once. *See id.* (motion requesting that the court not dismiss the case). The court declines to construe this document as a proper objection.[2] The docket also reflects that plaintiff

---

[1]     The court makes all of its Memoranda and Orders available online. Therefore, as part of the court's efforts to preserve the privacy interests of claimants seeking to proceed *in forma pauperis* (IFP), it has decided to caption this Order using only plaintiff's initials.

[2]     The court declines to evaluate plaintiff's "objection" for three reasons. *First*, plaintiff's "objection" was filed more than 14 days after Magistrate Judge Severson's Report and Recommendation issued. *See* Doc. 5 at 2 (issued January 22, 2025, and requiring plaintiff to file objections within 14 days); Doc. 17 (filed February 25, 2025); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). *Second*, plaintiff's "objection" doesn't mention the Report

paid the $405 filing fee soon after the Report and Recommendation issued. Now, the court reviews and affirms Magistrate Judge Severson's Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Absent any objection, the court "may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); Fed. R. Civ. P. 72 advisory committee's note (b) to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Aragon v. U-Haul Co of Colo.*, 550 F. Supp. 3d 933, 934–35 (D. Colo. 2021) (reviewing magistrate judge's recommendation under "any standard" concluding there was no clear error on the face of the record). Here, Judge Severson's Report and Recommendation reveals no clear error "on the face of the record." *Aragon*, 550 F. Supp. 3d at 935.

Title 28 U.S.C. § 1915(a)(1) authorizes courts to permit a plaintiff to commence an action without prepayment of fees under certain conditions. The court has "wide discretion" to grant or deny motions to proceed without prepayment, or IFP. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (quotation cleaned up). "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees[.]" *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted).

---

and Recommendation or IFP status. Doc. 17 at 1. Its sole paragraph simply asks the court not to dismiss plaintiff's case. *Id.* Third, the "objection" is titled "Motion." *Id.* So, the court considers the Report and Recommendation unopposed.

2

Judge Severson correctly concluded that plaintiff failed to make the requisite showing. Plaintiff's net monthly income well exceeds his monthly expenses. *See* Doc. 3-1 at 2, 4, 5. He has sizeable cash on hand. *Id.* at 4. And the docket reflects plaintiff now has paid the filing fee. So, Judge Severson correctly recommended the court deny plaintiff's motion. *See Lister*, 408 F.3d at 1312 (requiring an IFP claimant to "show a financial inability to pay the required filing fees"); *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (concluding that when one's "monthly income exceeds his monthly expenses by a few hundred dollars[,]" then he has "sufficient income to pay the filing fees"); *Protheroe v. Masarik*, No. 18-cv-2128-JAR-TJJ, 2018 WL 3213322, at *1 (D. Kan. Apr. 12, 2018) (considering plaintiff's income, expenses, spouse's income, and ownership of vehicles and home in recommending denial of IFP status), *report and recommendation adopted*, 2018 WL 2113235 (D. Kan. May 8, 2018).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Report and Recommendation (Doc. 5) issued by United States Magistrate Judge Brooks G. Severson on January 22, 2025, is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2025, at Kansas City, Kansas.

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**