IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE BROPHY,

                Plaintiff,

v.

SPIRIT AEROSYSTEMS,

                Defendant.

Case No. 25-1012-DDC-BGS

## MEMORANDUM AND ORDER

Defendant Spirit Aerosystems[1] has filed a Motion to Dismiss (Doc. 20), asserting that pro se[2] plaintiff Shane Brophy hasn't served it properly. The court denies Spirit's motion. But it orders plaintiff to serve Spirit properly within 14 days. The court explains these results, below.

Plaintiff filed this lawsuit in January 2025, asserting a claim of disability discrimination against Spirit. Doc. 1. In late January, a private detective delivered a summons to Jason Neal, a Spirit employee. Doc. 21-1 at 1 (Neal Aff. ¶¶ 1–2). The private detective didn't deliver a copy of the Complaint with the summons. *Id.* (Neal Aff. ¶ 3). That's a problem. The Federal Rules

---

[1]     Plaintiff has sued Spirit Aerosystems, Doc. 1, but the responding company has filed its motion as "Spirit Aerosystems, Inc." Doc. 20. Because this Order quashes service on this defendant, the court need not resolve this discrepancy.

[2]     Plaintiff proceeds pro se. The court construes his filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

of Civil Procedure provide that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Plaintiff's failure to comply with this requirement triggers several different rules. Spirit has moved to dismiss the Complaint for insufficient service of process, citing Rule 12(b)(5). Doc. 21 at 2–3. A Rule 12(b)(5) motion to dismiss based on insufficient service of process "challenges the mode or lack of delivery of a summons and complaint." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (quotation cleaned up). When a defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the plaintiff bears the burden to make a prima facie showing that he served process properly. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Without proper service, the court lacks personal jurisdiction over a defendant, so Spirit also has moved to dismiss under Rule 12(b)(2). *See id.*

Here, in his response to Spirit's motion, plaintiff attempts to show that he served Spirit sufficiently. He asserts that he emailed a Spirit paralegal "notifying her that I have officially filed the EEOC paperwork with the federal courts." Doc. 22. But that assertion won't cut it for several reasons. First of all, and most of all, plaintiff hasn't shown that the email included a copy of the Complaint. *See* Doc. 22-1. And, even if this email did count—it doesn't—plaintiff can't serve a summons and complaint himself. Rule 4(c)(2) requires that a *non-party* serve a summons and complaint.

The court thus concludes that plaintiff has failed to serve Spirit properly. So, the court must decide what to do. Rule 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time." Rule 4(m) also rewards a plaintiff who shows good cause for failing to serve: "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. United States/U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)).

Plaintiff's filings are thin. He hasn't shown good cause for his failure to serve Spirit with a copy of the Complaint. But he has asked for more time to fix his error. Plaintiff has asked the court "to consider a curative action if need be[.]" Doc. 24. And plaintiff asserts he "is willing to have the summons and complaint served within a reasonable time frame set by the courts." *Id.* Spirit hasn't responded to this request, or asserted that plaintiff's request for additional time will impose prejudice.[3] The court thus follows the general rule established in *Gregory*: It quashes the improper service on Spirit and gives plaintiff 14 days to re-serve Spirit.

Spirit asserts that plaintiff's failure warrants dismissal. Doc. 21 at 2. The court disagrees. *Gregory* specifies that the court, generally, should quash service—not dismiss the complaint. 942 F.2d at 1500. The cases that Spirit cites don't overcome this general rule. In *Blogref v. Sedgwick County Sheriff Department*, the court dismissed plaintiff's complaint but gave plaintiff additional time to serve the defendant properly—a remedy that, for practical purposes, is identical to the remedy the court grants here. No. 18-2471-KHV, 2019 WL

---

[3] The court recognizes that plaintiff's request came in a "Supplement" to his motion to dismiss response. *See* Doc. 24. Our local rules don't imagine supplements; the "rules limit briefing on motions to the motion (with memorandum in support), a response, and a reply." *Hampton v. Barclays Bank Del.*, 478 F. Supp. 3d 1113, 1142 (D. Kan. 2020) (citing D. Kan. Rule 7.1(a), (c)), *aff'd*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021). But Spirit never moved to strike the filing, so the court will consider it. Further complicating the court's efforts to gauge Spirit's view on plaintiff's filing: Spirit never replied to support its own Motion to Dismiss.

3

2174058, at *2 (D. Kan. May 20, 2019).  In *Moore v. University of Kansas*, the court dismissed a pro se plaintiff's complaint without prejudice for failure to serve properly—but the plaintiff hadn't asked for additional time to serve.  No. 17-CV-02359-JAR-GLR, 2017 WL 4422649, at *3 (D. Kan. Oct. 5, 2017).  And in *Murphy v. AT&T*, the court followed the exact procedure used by this Order:  (1) finding plaintiff's service insufficient but curable and (2) giving plaintiff 14 days to re-serve the defendant.  No. 10-2686-CM-JPO, 2011 WL 5152228, at *2 (D. Kan. Oct. 28, 2011).  Only after plaintiff failed to meet that 14-day deadline did the court utilize dismissal as a remedy.  *Murphy v. AT&T Servs.*, No. 10-2686-CM, 2012 U.S. Dist. LEXIS 44337, at *1–2 (D. Kan. Mar. 30, 2012).

The court thus denies Spirit's Motion to Dismiss (Doc. 20).  Instead, the court quashes plaintiff's attempted service on Spirit.  And the court grants plaintiff 14 days to effectuate proper service.  Plaintiff is responsible for executing service of process in a manner that complies with Federal Rule of Civil Procedure 4.  Plaintiff also must file proof of proper service within 14 days.  If plaintiff fails to serve Spirit properly and demonstrate proper service within 14 days of this Order, the court likely will dismiss plaintiff's Complaint without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 20) is denied.

**IT IS FURTHER ORDERED THAT** the court quashes service on defendant and grants plaintiff 14 days from the date of this Order to re-serve defendant under Federal Rule of Civil Procedure 4.  Failure to serve defendant within 14 days and failure to demonstrate proper service of process within 14 days likely will result in dismissal of plaintiff's Complaint without prejudice.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2025, at Kansas City, Kansas.

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**