**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SHANE BROPHY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SPIRIT AEROSYSTEMS,**<br><br>**Defendant.** | **Case No. 25-1012-DDC-GEB** |

## MEMORANDUM AND ORDER

Shane Brophy, proceeding pro se,[1] has sued his employer, defendant Spirit Aerosystems.[2] Doc. 1 at 1. Defendant moved to dismiss plaintiff's Complaint for failure to state a claim. Doc. 35. Plaintiff hasn't responded to the motion.[3] The court, as explained below, grants defendant's

[1] Because plaintiff represents himself, the court construes his filings liberally. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

[2] Plaintiff's Complaint sued "Spirit Aerosystems." Doc. 1. Defendant has filed as "Spirit AeroSystems, Inc." *See generally* Doc. 35; Doc. 36. When the court suspects that a pro se plaintiff has named the wrong defendant, the court "may look at the body of" a pro se litigant's "complaint to determine who the intended and proper defendants are." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243–44 (10th Cir. 2007). The court liberally construes plaintiff's Complaint to assert claims against Spirit AeroSystems, Inc. And the court directs the Clerk of Court to update the docket so that it will identify "Spirit AeroSystems, Inc." as the defendant in this case.

[3] In light of plaintiff's failure to respond, the court ordered plaintiff to show good cause. Doc. 39. The court's Show Cause Order directed plaintiff to file his response by August 12, 2026. *Id.* at 1. Plaintiff timely responded to the Show Cause Order, asserting that he hasn't "received any communication by mail or email in regards to this case in months." Doc. 40 at 1. And plaintiff thought he had responded "to the last email communication/document" as he should have. *Id.* Plaintiff also explains that he and his family members are experiencing a variety of health problems. *Id.* The court finds good cause for plaintiff's failure to respond. And so it won't dismiss plaintiff's Complaint for failure to comply with a court order or failure to prosecute. Yet, despite this directive, plaintiff still hasn't filed a response to defendant's Motion to Dismiss. The court thus evaluates defendant's motion without the benefit of a response.

motion in part and dismisses plaintiff's Complaint. But it denies defendant's request to dismiss plaintiff's claims with prejudice, and it grants plaintiff leave to file a motion to amend his Complaint.

Plaintiff's Complaint is thin. *See generally* Doc. 1. It's a five-page Complaint that utilizes the court's standard form for employment-discrimination lawsuits. Though the standard form prompts plaintiff to state—briefly and clearly—the essential facts of his claims, he declined to do so, choosing instead to direct the reader to attached documents.[4] *Id.* at 3–4. Those attached documents comprise 350 unorganized pages, most of which are emails about workplace disputes that bear zero relevance to plaintiff's disability-based claims.[5] *See generally* Doc. 1-1. Defendant claims that if plaintiff "were allowed to incorporate 350 pages of documents into his Complaint, it would be incredibly difficult, if not impossible, for Spirit to adequately respond to the Complaint." Doc. 36 at 8. The court agrees.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Plaintiff has violated Rule 8 by merely naming

---

[4] The court can review those documents without converting defendant's motion into one seeking summary judgment. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("A district court may . . . consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (quotation cleaned up)).

[5] In addition to the 350 pages attached to plaintiff's Complaint, plaintiff has continued to file supporting evidence. Doc. 6; Doc. 13; Doc. 26. The court declines to consider these filings. Our local rules specifically address exhibits to pleadings, and they provide that "[b]ulky or voluminous materials should not be filed in their entirety or incorporated by reference unless the court finds the materials essential and grants leave to file them." D. Kan. Rule 5.1(e). The court thus limits its review to plaintiff's Complaint (Doc. 1) and its attachment (Doc. 1-1).

his claims, then dumping 350 pages on defendant and the court. It's not defendant's job to piece together plaintiff's legal theories with the matching facts; Rule 8 puts that burden squarely on plaintiff. *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) ("[A] complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in a morass of irrelevancies." (quotation cleaned up)).

Likewise, it's not the court's job to sift through a mountain of facts. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 372 (10th Cir. 1989) (affirming dismissal because "trial court did not err in refusing to attempt to create order out of chaos"); *Hart v. Salois*, 605 F. App'x 694, 700–01 (10th Cir. 2015) (affirming dismissal under Rule 8(a)(2) where plaintiff failed to connect claims to factual allegations). The court recognizes that plaintiff proceeds pro se. Nevertheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And so, the court grants defendant's Motion to Dismiss (Doc. 35) and dismisses plaintiff's Complaint (Doc. 1).

Defendant asks the court to dismiss plaintiff's claims with prejudice. Doc. 36 at 1. The court won't do that. Our Circuit has "reiterate[d] that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). It's possible that plaintiff can pull together cognizable claims from his many pages of documents. The court thus will give him an opportunity to amend his complaint. *See Holloman v. Radius Glob. Sols., LLC*, 2026 WL 1660061, at *3 (D. Kan. June 9, 2026) (giving pro se plaintiff opportunity to amend employment lawsuit to clarify claims).

Plaintiff must file a motion to amend his complaint within **21 days** of this Order. His motion must comply with the requirements of D. Kan. Rule 15.1. And plaintiff is encouraged to research the governing law. If plaintiff fails to file a motion to amend within the allotted time, the court will dismiss this case without prejudice for failure to follow a court order. *See* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 35) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** plaintiff must file a motion to amend his complaint within **21 days** of this Order.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court must update the docket to reflect that the defendant in this case is "Spirit Aerosystems, Inc."

**IT IS SO ORDERED.**

**Dated this 19th day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**